IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Akeen Abdullah-Malik, #359150, | ) | C/A No.: 1:16-53-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Cecila Reynolds, Warden; Jessica Edwards; Beth Tidwell and Catherine Amason, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Akeen Abdullah-Malik, proceeding pro se, originally filed a document titled "Rule to Show Cause" in the Court of Common Pleas for Lancaster County, South Carolina. [ECF No. 1-1]. The document was liberally construed as a complaint against Warden Cecila Reynolds, Jessica Edwards, Beth Tidwell, and Catherine Amason ("Defendants"), who removed the action to this court on January 7, 2016. [ECF No. 1]. This matter comes before the court on (1) Plaintiff's motion to remand [ECF No. 7], to which Defendants filed a response [ECF No. 11]; and (2) Plaintiff's motion for default judgment [ECF No. 12], to which Defendants filed a response [ECF No. 13]. The motions having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Plaintiff's motion to remand and motion for default judgment be denied.

I.      Factual Background

Plaintiff alleges Defendants seized his religious property in violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. [ECF No. 1-1 at 6–7]. Plaintiff seeks the return of his property or $7,500 in compensation. *Id.* at 8.

II.     Discussion

   A.     Motion to Remand

      1.     Authority to Remand

There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts addressing this matter in published opinions have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

2.      Analysis

A defendant may remove a state court action to a federal district court if the state court action could have been filed originally in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case may be filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Defendants removed this case pursuant to 28 U.S.C. § 1331, alleging that it arises under the Constitution, laws, or treaties of the United States. [ECF No. 1 at 1–2].

In determining whether removal based on federal question jurisdiction was proper, a district court must look to the plaintiff's state court pleading to determine the grounds for removal. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Mickalis Pawn Shop, LLC v. Bloomberg*, 482 F. Supp. 2d 707, 710 (D.S.C. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148, 151 (4th Cir. 1994) *(*citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)).

Plaintiff alleges in his complaint that "Plaintiff formerly resided at [illegible] Kershaw, S.C. at which time defendant seized Religious property of his person." [ECF No. 1-1 at 6–7]. Under the "Law in Support" section, he states, *inter alia*, "Plaintiff

3

invokes his constitutional right(s) of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment(s)." [ECF No. 1-1 at 6–7]. In his motion for remand, Plaintiff argues that this court "is not the appropriate 'jurisdiction' for such dimunitive cases that raises Constitutional issues that The State of South Carolina has a parallel Constitution . . . ." [ECF No. 7 at 1].

Plaintiff provides no legal basis for his argument that Defendants' removal was improper. *Id*. Because Plaintiff's complaint arises under the United States Constitution, the undersigned finds that Defendants' removal was proper and recommends Plaintiff's motion to remand [ECF No. 7] be denied.

B.     Motion for Default Judgment

Plaintiff has also moved for default judgment against Defendants. Plaintiff alleges that has never received a responsive pleading to his "Rule to Show Cause" that was served December 8, 2015. [ECF No. 12-3]. Pursuant to 28 U.S.C. § 1441(e), Defendants had 30 days—until January 7, 2016—to remove this case from state court. The Notice of Removal [ECF No. 1] was timely filed. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' answer was due within 7 days after the notice of removal was filed. Defendants' answer was timely filed on January 7, 2016. [ECF No. 4]. Because Defendants timely filed an answer to the complaint styled as a "Rule to Show Cause," the undersigned recommends Plaintiff's motion for default judgment be denied, as there is no basis for holding Defendants in default.

4

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge deny Plaintiff's motion to remand [ECF No. 7] and Plaintiff's motion for default judgment [ECF No. 12].

IT IS SO RECOMMENDED.

May 13, 2016                                             Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).