UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafir Abdullah-Malik, ) | Civil Action No.: 1:16-cv-00053-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Cecila Reynolds, *Warden*; Jessica Edmunds; ) | |
| Beth Tidwell; and Catherine Amason, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Akeem Alim-Nafir Abdullah-Malik, a state prisoner proceeding pro se, commenced this action by filing a document entitled "Rule to Show Cause" in the Court of Common Pleas for Lancaster County, South Carolina, asserting claims under federal and state law against the four above-named Defendants. *See* ECF No. 1-1. Defendants, construing Plaintiff's filing as a civil complaint, removed the action to this Court on January 7, 2016, and filed an answer the same day.[1] *See* ECF Nos. 1 & 4. Plaintiff filed a motion to remand on January 25, 2016, and a motion for default judgment on February 22, 2016. *See* ECF Nos. 7 & 12. Defendants filed timely responses in opposition to both motions. *See* ECF Nos. 11 & 13. Plaintiff did not file a reply to either response.

The case is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V. Hodges, who recommends denying Plaintiff's motion to remand and motion for default judgment.[2] *See* R & R, ECF No. 11. Plaintiff has filed timely objections

---

[1] Defendants state in their notice of removal that they "were served on or about December 8, 2015." ECF No. 1 at 2.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints

to the R & R.  *See* Pl.'s Objs., ECF No. 24.  Defendants have filed a timely reply to Plaintiff's objections.  *See* ECF No. 25.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**

**I.    Motion to Remand**

The Magistrate Judge recommends the Court deny Plaintiff's motion to remand.  R & R at 2-4.

---

are not, however, without limits.  *Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.").

2

Plaintiff objects to the Magistrate Judge's recommendation, arguing this Court lacks subject matter jurisdiction over this action.[3] Pl.'s Objs. at 3-13.

Having conducted a de novo review of the motion to remand and the R & R, the Court agrees with the Magistrate Judge's analysis and recommendation. Federal district courts have original jurisdiction over claims arising under federal law, including "all civil actions arising under the Constitution." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). State court defendants may remove a civil action to federal district court if the district court has original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a).

On the face of his complaint (which is styled as a "Rule to Show Cause"), Plaintiff alleges Defendants "seized religious property of his person," and he "invokes his constitutional right(s) of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment(s)." *See* ECF No. 1-1 at 6-7. Although Plaintiff asserts additional state law claims,[4] the Court has original subject matter jurisdiction over his federal constitutional claims; thus, removal was proper in this case.[5] The Court overrules Plaintiff's

---

[3] Plaintiff devotes the majority of this objection to setting forth the general law relating to subject matter jurisdiction. *See* Pl.'s Objs. at 2-13. Additionally, Plaintiff quotes a lengthy passage from *Farmer v. Florence County Sheriff's Office*, 401 S.C. 606, 738 S.E.2d 473 (2013), a South Carolina Supreme Court case addressing civil forfeiture proceedings. *See* Pl.'s Objs. at 7-9.

[4] To the extent Plaintiff claims the Court should exercise supplemental jurisdiction over his state law claims, *see* Pl.'s Objs. at 2-3, 6, 12, that is a matter the Court will decide at a later date. *See generally* 28 U.S.C. § 1367 (addressing federal district courts' supplemental jurisdiction).

[5] The Court finds no merit in Plaintiff's contention that Defendants have removed the case to federal court as "a delay tactic to further impede due process & escape responsibility" for their alleged unlawful acts. *See* Pl.'s Objs. at 10; *see also id.* at 13. Section 1441(a) of Title 28 of the United States Code expressly permits defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

objection and denies his motion to remand at this time. However, should Plaintiff advise the Court that he is withdrawing all federal claims, then the Court may revisit a motion to remand.

## II.     Motion for Default Judgment

The Magistrate Judge recommends the Court deny Plaintiff's motion for default judgment. R & R at 4. Plaintiff objects to the Magistrate Judge's recommendation. Pl.'s Objs. at 12-13. Liberally construing his objection, he appears to argue Defendants failed to file a timely responsive pleading to his complaint and instead opted to file a notice of removal in this Court as a "deliberate delay tactic." *Id.*

The Court finds no merit in Plaintiff's objection. As the Magistrate Judge thoroughly explains in the R & R, Defendants filed a proper and timely notice of removal as well as a timely answer to Plaintiff's complaint. *See* R & R at 4. Accordingly, the Court overrules Plaintiff's objection and denies his motion for default judgment.

## Conclusion

The Court has conducted a thorough review of the entire record, including Plaintiff's motions, the Magistrate Judge's R & R, Plaintiff's objections, and Defendants' reply. Based on the foregoing reasons, the Court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 14]. **IT IS THEREFORE ORDERED** that Plaintiff's motion to remand [ECF No. 7] and motion for default judgment [ECF No. 12] are **DENIED**. The Court **REFERS** this matter back to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina                                              s/ R. Bryan Harwell
August 2, 2016                                                         R. Bryan Harwell
                                                                       United States District Judge